IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSEPH G. GORSHA**, *et al.*,

    Plaintiffs,

v.

**GREENWICH INSURANCE COMPANY**,

    Defendant.

Case No. 2:20-cv-110

**Judge James L. Graham**

**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Defendant Greenwich Insurance Company's Motion to Dismiss Plaintiffs' Complaint (ECF No. 14) and Plaintiffs' Motion for Summary Judgment or, in the Alternative, Motion for Judgment on the Pleadings[1] (ECF No. 15). For the reasons that follow, Defendant's motion is **GRANTED**, and Plaintiffs' motion is **DENIED**.

### I.  BACKGROUND

In Related Case No. 2:18-cv-508 (the "Related Case"), Plaintiffs Joseph G. Gorsha, Damon J. Faldowski, Damon J. Faldowski, II, and Mark R. Faldowski (collectively "Plaintiffs"), filed suit against numerous defendants, including Mid Ohio Title Agency, LLC d/b/a Lanco Title Agency ("Lanco"), following a real estate transaction, wherein Plaintiffs entered into a purchase contract for the sale, of the surface rights only, of a property, but Lanco recorded a deed that failed to

---

[1] Plaintiffs have alternatively moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which provides that "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "[T]he pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering." *Habeeba's Dance of the Arts, Ltd. v. Knoblauch,* No. 2:05-cv-926, 2006 U.S. Dist. LEXIS 18114, at *5 (S.D. Ohio Apr. 10, 2006) (collecting cases). In the instant case, Defendant has not filed an answer and has instead filed the motion to dismiss pending before this Court. While courts maintain discretion in certain circumstances to consider a Rule 12(c) motion before a defendant files an answer, these circumstances are not present here. Here, as in *Habeeba's Dance of the Arts,* the Court finds no reason to excuse the requirement that the pleadings be closed before a Rule 12(c) motion can be filed. Plaintiffs' alternative motion for judgment on the pleadings is therefore premature.

1

reserve the mineral rights to Plaintiffs. Instead, the deed erroneously conveyed all right, title, and interest in the property to the buyers. Because the deed did not provide for the reservation of mineral rights, the buyers were later paid royalties for the mineral production on the subsurface portion of the property.

Plaintiffs' seventh cause of action in the Related Case alleged that Lanco breached the parties' implied escrow agreement by disbursing funds and recording a deed that did not conform to the terms of the real estate purchase contract. (Related Case No. 2:18-cv-508, Compl. ¶¶ 67–73, ECF No. 1 at 12–13.) Plaintiffs further alleged that Lanco's breach of the escrow agreement directly and proximately caused damages to Plaintiffs. (*Id.* at ¶ 72.)

Defendant insured Lanco under a Title Agent Professional Liability – Errors and Omissions insurance policy, with a policy period encompassing the events associated with the Related Case. While the Related Case was underway, Lanco requested that Defendant provide it with a defense and indemnification concerning the allegations set forth against it in the Related Case. (Compl. ¶ 12.) Defendant denied Lanco coverage, because it determined that the claim against Lanco in the Related Case, "arises from a dispute regarding the gas and/or mineral rights to the Property," and therefore triggered the policy exclusion for claims, "based on or arising out of any oil, gas, mineral, precious metals or timber related title work or property interests." (the "Mineral Interests Exclusion") (Compl. ¶ 13; Ex. 2, ECF No. 1-3 at 44.)

On November 12, 2019, Lanco assigned Plaintiffs the majority of its rights under the policy, including its claims for breach of contract and bad faith, but retained a five percent (5%) interest. (Compl. ¶¶ 19, 22.)

On November 18, 2019, the Court concluded in the Related Case, as a matter of law, "that by recording a deed that did not reserve the mineral rights to Plaintiffs, Lanco breached the parties'

escrow agreement." (Related Case No. 2:18-cv-508, ECF No. 147 at 1935.) On December 6, 2019, the Court entered final judgment against Lanco in the amount of $363,462.27. (Related Case No. 2:18-cv-508, ECF No. 155 at 1961.)

In the instant case, Plaintiffs bring breach of contract and bad faith claims against Defendant, alleging that Defendant wrongfully denied coverage because the claim "is not based on, and does not arise out of oil or gas related title work or property interests," and that Defendant "failed to exercise good faith in processing plaintiffs' claims by refusing to defend its insured and failing to pay the claim." (Compl. ¶¶ 27, 34.)

Defendant now moves this Court to dismiss the present action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's breach of contract and bad faith claims fail to state claims upon which relief may be granted, because Defendant properly denied coverage to Lanco based on the Mineral Interests Exclusion. (ECF No. 14.) In response, Plaintiffs move for summary judgment on the issues before the Court, or in the alternative, for judgment on the pleadings. (ECF No. 15.) Defendant has filed its reply, asking the Court to rule on its motion to dismiss as submitted (ECF No. 19), and Plaintiffs have filed their reply asking the Court to consider an extrinsic document to determine the parties' intent (ECF No. 20). The parties' motions are ripe for consideration.

## II. STANDARD OF REVIEW

Defendant moves to dismiss Plaintiffs' claims against it under Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal,* 556 U.S. at 679; *Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007); *Twombly,* 550 U.S. at 555–56. "In evaluating a motion to dismiss, [courts] 'may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein.'" *Luis v. Zang,* 833 F.3d 619, 626 (6th Cir. 2016) (quoting *Kreipke v. Wayne State Univ.,* 807 F.3d 768, 774 (6th Cir. 2015)).

### III. DISCUSSION

The issue before this Court is whether Defendant's policy provides coverage for Plaintiffs' claims against Defendant's insured, Lanco, in the Related Case.

Defendant argues that two unassailable facts govern the resolution of this dispute: 1) Lanco was sued and judgment was entered against it in the Related Case for improperly recording a deed that erroneously transferred oil and gas property interests to the purchasers of the property, which caused Plaintiffs to lose over $360,000 in oil and gas royalties and 2) the Mineral Interests Exclusion in the insurance policy Defendant issued Lanco states that the policy does not provide coverage for any claim "based on or arising out of any oil, gas, mineral, precious metals or timber related title work or property interests." (ECF No. 19 at 234.)

Plaintiffs counter that: 1) the Mineral Interests Exclusion applies only to claims for damages directly caused by any oil or gas related title work or related title property interest and 2) that a different policy exclusion, which excludes claims "based on or arising out of the intentional or willful failure to follow any escrow or closing instructions, or out of the intentional or willful

4

disregard of any escrow or closing instructions," shows the parties' intent to cover claims for the negligent failure to follow escrow instructions, and when read in conjunction with the policy as a whole, demonstrates that the Mineral Interests Exclusion does not apply to Plaintiffs' claim against Lanco in the Related Case.

"An insurance policy is a contract whose interpretation is a matter of law." *Cincinnati Ins. Co. v. CPS Holdings, Inc.*, 2007-Ohio-4917, ¶ 7, 115 Ohio St. 3d 306, 307, 875 N.E.2d 31, 33 (internal quotations and citations omitted). Courts must examine "the policy language and rely on the plain and ordinary meaning of the words used to ascertain the intent of the parties to the contract." *G & K Mgmt. Servs. v. Owners Ins. Co.*, 2014-Ohio-5497, ¶ 19, 24 N.E.3d 1230, 1234 (Ct. App.).

The policy exclusion at issue states:

H. EXCLUSIONS

This insurance does not apply to any claim:

* * *

20. based on or arising out of any oil, gas, mineral, precious metals or timber related title work or property interests.

(Compl., ¶ 27; Policy, ECF No. 1-2, at 38.)

"The insurer, being the one who selects the language in the contract, must be specific in its use; an exclusion from liability must be clear and exact in order to be given effect." *Lane v. Grange Mut. Cos.*, 45 Ohio St. 3d 63, 65, 543 N.E.2d 488, 490 (1989). "If provisions are susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." *Lager v. Miller-Gonzalez,* 120 Ohio St. 3d 47, 49, 896 N.E.2d 666, 669 (2008) (internal quotation marks and citations omitted). But "a court cannot create ambiguity in a

5

contract where there is none [, as] [a]mbiguity exists only when a provision at issue is susceptible of more than one reasonable interpretation." *Id.* (citing *Hacker v. Dickman,* 75 Ohio St. 3d 118, 119–20, 661 N.E.2d 1005 (1996)).

### A. The Mineral Interests Exclusion applies to any claim arising out of oil or gas property interests.

Though Plaintiffs insist that the Mineral Interests Exclusion is limited to oil and gas related title work or title related work as to oil and gas property interests, the Court finds that this is not a reasonable interpretation of the Mineral Interests Exclusion. The Mineral Interests Exclusion clearly states that the exclusion applies to oil or gas "title work or property interests," and it is the "property interests" portion that makes the Mineral Interests Exclusion applicable to Plaintiffs' claim against Lanco for breach of the escrow agreement. It is undisputed that Lanco, acting as escrow agent, did not reserve the mineral property rights to Plaintiffs, and instead, erroneously conveyed all right, title, and interests in the property to the buyers. Plaintiffs' claim against Lanco in the Related Case was based on the oil or gas property interests Lanco failed to reserve when recording the deed.

Plaintiffs argue that in the exclusion, the word "title" modifies "property interests" due to the absence of a comma, and that these terms should be read as one when interpreting the policy exclusion at issue. (ECF No. 20 at 257.) But Plaintiffs overlook the exclusion's use of the disjunctive "or," which does not signify that "title" and "property interests" should be read as one, as terms connected by a disjunctive suggest that they be given separate meanings. *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339 (1979). Here, these words have distinct and separate meanings, as the exclusion applies to oil or gas related "title work" and oil or gas related "property interests."

Where the language of the contract is clear, the Court need look no further than the writing itself to determine the intent of the parties. *Nelson v. Shafer*, 2013-Ohio-5836, ¶ 8 (Ohio Ct. App.)

6

In the policy exclusion at issue, Defendant specified in clear, exact terms that the policy does not apply to any claim "based on or arising out of any oil, gas, mineral, precious metals or timber related title work or property interests." This represents a clear intent to exclude coverage for claims arising out of any oil or gas property interests. Consequently, because the claim against Lanco arose out of the oil and gas property interests that Lanco failed to reserve to Plaintiffs, the Mineral Interests Exclusion applies.

### B. The policy's intentional or willful failure to follow escrow instructions exclusion does not negate the Mineral Interests Exclusion.

Plaintiffs also argue that because a different policy exclusion excludes claims "based on or arising out of the intentional or willful failure to follow any escrow or closing instructions, or out of the intentional or willful disregard of any escrow or closing instructions," it follows that Lanco's negligent failure to follow the escrow or closing instructions must be covered, and when read in conjunction with the policy as a whole, makes clear that the Mineral Interests Exclusion does not apply. While the policy may cover a negligent failure to follow escrow or closing instructions in some instances, "a court must give meaning to every paragraph, clause, phrase, and word," and this Court cannot ignore other policy provisions, especially those which would otherwise exclude coverage. *Retail Ventures, Inc. v. Nat'l Union Fire Ins. Co.,* 691 F.3d 821, 826 (6th Cir. 2012); *Waste Mgmt., Inc. v. Danis Indus. Corp.,* 257 F. Supp. 2d 1076, 1083 (S.D. Ohio 2003) ("[A] contract must be construed as a whole and the parties' intent ascertained from the entire instrument with every provision being given effect, rather than from its detached parts.")

As the Mineral Interests Exclusion is unambiguous, this Court must give the plain language of the exclusion effect. *Thomas Noe, Inc. v. Homestead Ins. Co.*, 173 F.3d 581, 583 (6th Cir. 1999) ("Where an exclusionary clause in an insurance contract is unambiguous, Ohio law requires that the plain language of the clause be given effect.") If the language of the contract is clear and

7

unambiguous, "courts will not 'rewrit[e] the contract when the intent of the parties is evident.'" *Goodyear Tire & Rubber Co. v. Nat'l Union Fire Ins. Co.*, 694 F.3d 781, 782 (6th Cir. 2012) (quoting *Hybud Equip. Corp. v. Sphere Drake Ins. Co.*, 64 Ohio St. 3d 657, 665, 597 N.E.2d 1096, 1102 (1992)). Courts are not permitted "to change the obvious intent of a provision just to impose coverage." *Hybud Equip. Corp.,* 597 N.E.2d at 1102 (1992).

Here, there is no dispute that in the Related Case, Lanco erroneously transferred oil and gas property interests to the purchasers of the property, which caused Plaintiffs' damages. Therefore, because Lanco's negligence as an escrow agent involved oil and gas property interests, the Mineral Interests Exclusion applies. It is irrelevant that a subsequent exclusion appears to allow coverage for an escrow agent's negligent conduct, as the Court cannot read this provision in isolation, and it does not negate the Mineral Interests Exclusion. When the entire policy is read as a whole, Plaintiffs' claim against Lanco is not a covered claim, because despite being due to Lanco's negligence, Plaintiffs' claim is based on or arises out of oil and gas property interests. Under the policy, Defendant had no duty to indemnify or defend Lanco for such claims, and even construing the complaint in the light most favorable to Plaintiffs, the Court finds that Plaintiffs fail to state a claim for breach of contract upon which relief can be granted.

Moreover, as Plaintiffs' bad faith claim is premised on their contention that Defendant "failed to exercise good faith in processing plaintiffs' claims by refusing to defend its insured and failing to pay the claim," it also rests on the assumption that Plaintiffs' claim against Lanco was covered under the policy. *Skinner v. Guarantee Tr. Life Ins. Co.,* 813 F. Supp. 2d 865, 870 (S.D. Ohio 2011) (citing *Essad v. Cincinnati Cas. Co.,* 2002-Ohio-2002 (Ohio Ct. App.)). Because Plaintiffs have failed to state a claim for breach of contract, their bad faith claim suffers the same fate and will also be dismissed.

### C. The Court will not consider Mr. Clark's affidavit.

Finally, Plaintiffs ask the Court to convert Defendant's motion to one for summary judgment and consider the affidavit of Lanco majority owner, Jonathan C. Clark, asserting his belief that Plaintiffs' claim against Lanco is covered by the policy. The Court declines to do so. Even if the Court were to convert Defendant's motion to one for summary judgment, the result would be the same. Mr. Clark's affidavit does not create a genuine dispute of material fact, because the Court is limited to the language of the insurance policy exclusion, which is clear and must be given effect.

## IV. CONCLUSION

For the reasons stated above, Defendant Greenwich Insurance Company's Motion to Dismiss Plaintiffs' Complaint (ECF No. 14) is **GRANTED**. Plaintiffs' Motion for Summary Judgment or, in the Alternative, Motion for Judgment on the Pleadings (ECF No. 15) is **DENIED** as moot. Plaintiffs' claims are **DISMISSED WITH PREJUDICE.** The Clerk is instructed to enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: April 30, 2021